UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| CARTER CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.2:12-cv-424 |
| | ) | *Mattice/Carter* |
| CARTER COUNTY DETENTION CENTER | ) | |
| and DR. PAUL, | ) | |
| Defendants. | ) | |

## **MEMORANDUM and ORDER**

*Pro se* prisoner Carter Campbell has filed a civil rights complaint under 42 U.S.C. § l983, alleging that he is being subjected to unlawful housing conditions and is being denied adequate medical care at the Carter County Detention Center ("CCDC").

### I. **Statutory Payment Plan**

Although the application to proceed *in forma pauperis*, which plaintiff has submitted, reflects that he has a negative balance in his inmate trust account, it remains that, as a prisoner, he is responsible for paying the filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff therefore is A**SSESSED** the full filing fee of three-hundred, fifty dollars ($350.00). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, twenty percent (20%) of plaintiff's

preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at plaintiff's current place of confinement to ensure compliance with the assessment procedures outlined herein. All payments should be sent to: Clerk, USDC; 220 West Depot Street, Suite 200; Greeneville, TN 37743.

## II. Plaintiff's Allegations

In the "Statement of Claim" section of plaintiff's complaint, (Compl., ¶ IV), he alleges that, on some unspecified date, he was attacked by another inmate while he was in the old Carter County Jail and sustained an injury to his hand. However, defendant Dr. Paul and his staff failed to X-ray plaintiff's hand and now he can barely use his index finger. Plaintiff also has a painful skin condition called psoriasis, which now covers 85% of his body. In plaintiff's opinion, his disease has been exacerbated because he needs sunlight but has not been allowed access to sunlight. At any rate, he maintains that his condition has worsened since he entered the CCDC.

In addition, plaintiff has been placed in the protective custody unit because of an incident concerning razors "that got told on" and now inmates in every section of the CCDC are trying to do harm to him. Plaintiff has been at risk of an attack four times because the guard continues to open the door to his cell to allow him to participate in visitation and recreation with the entire block, though that is where the trouble started. The authorities

2

even placed him in a cell with one other inmate, but that inmate wanted to fight him. Plaintiff fears for his safety in the CCDC and now suffers from panic attacks.

Plaintiff submitted a grievance complaining about the threats to his safety and asked for a transfer to another facility. The response from the Jail Administrator was that plaintiff should seek a judge's order for a transfer and that he (the Jail Administrator) would be glad to transfer the plaintiff, since plaintiff is not afforded recreation or visitation by virtue of his assignment to the C Block (the PC area).

Plaintiff's requested forms of redress for the above claimed wrongs include leave to sue defendants for his medical problems and for placing him in harm's way and a transfer to a facility where he would be safe from harm.

### III. Screening the Complaint

The Court now must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim. 28 U.S.C. § 1915(e)(2) and § 1915A. In performing this task, the Court bears in mind that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## IV. Discussion

*A. Claims Against the Carter County Detention Center*

The first defendant named in the complaint is the CCDC, but this defendant is a building–not a suable entity under § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *Jackson v. Hamilton County Jail*, 2008 WL 2514073, * 5 (E.D.Tenn. June 19, 2008) (A jail "is not a legal entity amenable to being sued under 42 U.S.C. § 1983 but is merely a name assigned to the building which houses inmates."); *Cage v. Kent County Correctional Facility*, 113 F.3d 1234, 1997 WL 225647, *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."). Therefore, plaintiff has failed to state a claim against this defendant.

*B. The Medical Claims*

These claims are governed by the Eighth Amendment, which proscribes punishments that involve the unnecessary and wanton infliction of pain. Deliberate indifference to an inmate's serious medical needs constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994).

The objective component requires the plaintiff to show a "sufficiently serious" deprivation. *Id.* A medical need may be objectively serious if even a lay person would recognize the seriousness of the need for medical care. *Johnson v. Karnes*, 398 F.3d 868,

4

874 (6th Cir. 2005) (citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004)).  The subjective component requires a showing that a defendant possessed the state of mind of deliberate indifference.  A plaintiff establishes deliberate indifference by demonstrating that defendants were aware of facts from which they could infer that such a risk existed and that they actually drew that inference.  *Farmer*, 511 U.S. at 837.  Nonetheless, a prison official who takes reasonable measures to abate the risk avoids liability, even if the harm ultimately is not averted.  *Id.* at 835-36.  "Deliberate indifference is more than negligence and approaches intentional wrongdoing." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citation and internal quotation marks omitted).

Also, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated.  *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).  By the same token, no viable Eighth Amendment claim is stated by allegations that a medical condition has been negligently diagnosed or treated, and the mere fact that the victim happens to be a prisoner does not convert it into a constitutional violation.  *Estelle*, 429 U.S. at 106.

Plaintiff's claim that his hand injury was treated inadequately because his index finger is not functioning as it should amounts to no more than an assertion of medical negligence.  *Estelle* teaches, however, this type of an allegation fails to state a claim which entitles a prisoner to relief under § 1983.  *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *see also Comstack v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (A claim of deliberate indifference requires

more than negligence or a misdiagnosis of a medical condition.).  As for Dr. Paul's failure to order an X-ray of plaintiff's hand, "the question whether . . . additional forms of treatment is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."  *Estelle*, 429 U.S. at 107.

The allegations concerning the psoriatic skin disorder, likewise, are lacking.  The Court will assume that a psoriasis skin disease constitutes a serious medical need and satisfies the objective component of a constitutional medical mistreatment tort.  However, there is no evidence that defendant doctor exhibited deliberate indifference to plaintiff's malady because plaintiff does not allege that he sought any medical treatment for his condition, much less that the treatment recommended was greater exposure to sunlight.[1]  Without a showing of the requisite state of mind to meet the subjective prong, plaintiff fails to state a claim entitling him to relief under § 1983.

Therefore, plaintiff has not established that defendant physician was deliberately indifferent to his serious medical need and his Eighth Amendment claims fail.

*C.  The Protective Custody Claim*

This claim also is governed by the Eighth Amendment and consists of the familiar objective and subjective components noted in the prior discussion.  A prisoner states a

---

[1] According to the National Institutes of Health website, sunlight can play a part in psoriasis, as too much or too little sunlight "may trigger an attack of psoriasis or make the condition more difficult to treat."  Online at http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001470/ (Internet materials as visited Nov. 29, 2011, and available in Clerk of Court's case file).

claim of cruel and unusual punishment under the Eighth Amendment by alleging that prison officials have, with deliberate indifference, exposed him to conditions "that pose an unreasonable risk of serious damage to [the inmate's] future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993). Where, as here, living conditions are challenged, the objective aspect of the test is met where plaintiff shows that "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Id.* at 36. The same subjective component applies—that a defendant possessed the state of mind of deliberate indifference.

Plaintiff's assertions are deficient under these standards. First of all, reading between the lines, the Court understands plaintiff to be alleging that he informed on other inmates who may have violated CCDC rules governing possession of razors and, therefore, will assume that he has alleged exposure to a sufficiently serious risk to satisfy the objective component. *See Bistrian v. Levi*, 696 F.3d 352, 371 (3rd Cir. 2012) ("Given prisoners' attitudes about 'snitches,' it is reasonable to infer that placing Bistrian in a locked recreation pen with any violent inmates, not only those he specifically cooperated against, created a substantial risk of serious harm."). For purposes of screening this claim, the Court will further assume that the Jail Administrator (though not named as defendant) was aware that plaintiff was an informant and actually inferred that the risk of harm existed.

However, that risk was not disregarded. Instead, plaintiff was housed in a protective custody cell, which, so far as the Court can ascertain, was a reasonable step to take to eliminate the risk of any attack on plaintiff for his role in the razor episode. *Farmer*, 511 U.S. at 835-36 (determining that a prison official who takes reasonable measures to

7

abate the risk avoids liability). There may be instances where more is required than placing an at-risk inmate on protective custody, but the allegations here provide no basis for concluding that this is that case. *Bistrian*, 696 F.3d 368 (noting that if defendants "are deliberately indifferent to a particular risk that an informant faces while in the [secure housing unit], that may form the basis of a failure-to-protect claim").

### III. Conclusion

Based on the above discussion, the Court finds that plaintiff has failed to state an arguable claim against defendants. Accordingly, this case will be dismissed by separate order.

**ENTER**:

                                                  */s/Harry S. Mattice, Jr.*
                                                  HARRY S. MATTICE, JR.
                                                  UNITED STATES DISTRICT JUDGE